NUMBER 13-07-00676-CR



COURT OF APPEALS



THIRTEENTH DISTRICT OF TEXAS



CORPUS CHRISTI - EDINBURG 


______________________________________________________________

 

JACK COHEN, APPELLANT,


v.



THE STATE OF TEXAS, APPELLEE. 

_____________________________________________________________


On Appeal from the 357th District Court 


of Cameron County, Texas.


______________________________________________________________


MEMORANDUM OPINION


 

Before Chief Justice Valdez and Justices Rodriguez and Garza


Memorandum Opinion Per Curiam


 Appellant, Jack Cohen, appearing pro se, attempted to perfect an appeal from a
conviction for forgery. We dismiss the appeal for want of jurisdiction.

 The notice of appeal in this matter was not timely filed. It was due to be filed on
February 20, 2006, but was not filed until September 27, 2007. See generally Tex. R. App.
P. 26.2. On October 31, 2007, the Clerk of this Court notified appellant that it appeared
that the appeal was not timely perfected. Appellant was advised that the appeal would be
dismissed if the defect was not corrected within ten days from the date of receipt of the
Court's directive. Appellant's response, in the form of a "brief," fails to address the
timeliness of the appeal and fails to establish that this Court has jurisdiction over the
appeal. We would further note that the documents before the Court fail to include an
appealable order, and the trial court's certification of appellant's right to appeal further fails
to show that the appellant has the right to appeal. See Tex. R. App. P. 25.2(a)(2). 

 This Court's appellate jurisdiction in a criminal case is invoked by a timely filed
notice of appeal. Olivo v. State, 918 S.W.2d 519, 522 (Tex. Crim. App. 1996). Absent a
timely filed notice of appeal, a court of appeals does not obtain jurisdiction to address the
merits of the appeal in a criminal case and can take no action other than to dismiss the
appeal for want of jurisdiction. Slaton v. State, 981 S.W.2d 208, 210 (Tex. Crim. App.
1998). Appellant may be entitled to an out-of-time appeal by filing a post-conviction writ
of habeas corpus returnable to the Texas Court of Criminal Appeals; however, the
availability of that remedy is beyond the jurisdiction of this Court. See Tex. Code Crim.
Proc. Ann. art. 11.07, § 3(a) (Vernon 2005); see also Ex parte Garcia, 988 S.W.2d 240
(Tex. Crim. App. 1999).

 The appeal is DISMISSED FOR WANT OF JURISDICTION. PER CURIAM

Do not publish. 

See Tex. R. App. P. 47.2(b).

Memorandum Opinion delivered and 

filed this the 10th day of January, 2008.